T.C. Memo. 2003-342

UNITED STATES TAX COURT

PAUL S. AND SHARON E. TALCHIK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12419-02.                    Filed December 16, 2003.

Paul S. and Sharon E. Talchik, pro se.

<u>Leonard T. Provenzale</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>: Respondent determined a
deficiency of $13,974 in petitioners' Federal income tax for
1999.[1]

_____

[1]     Unless otherwise indicated, all section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.  The petition was filed pursuant to sec.
7463.  At trial, pursuant to Rule 171(c), petitioners moved,
                                        (continued...)

The sole issue for decision is whether petitioners are entitled to an itemized deduction for the year 1999 for investment interest under section 163(d)(1) in an amount greater than the amount allowed by respondent in the notice of deficiency.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Ft. Lauderdale, Florida.

Petitioners filed a joint Federal income tax return for 1999. That return included a Schedule A, Itemized Deductions, on which they claimed a deduction of $47,780 for investment interest relating to numerous capital gain transactions reflected on Schedule D, Capital Gains and Losses, of their return. In the notice of deficiency, respondent determined that petitioners were entitled to a $225 deduction for investment interest and disallowed $47,555 of the $47,780 claimed on the return. No other adjustments were made to petitioners' return.

---

[1](...continued)
without objection from respondent, to remove the case from consideration under sec. 7463. The Court granted petitioners' motion, and respondent thereafter filed an answer of general denial. The deficiency in the notice of deficiency is $13,974. No concessions have been made by respondent; however, in a posttrial brief, respondent stated the deficiency to be $13,215 with no concessions or explanation for the $756 discrepancy. The Court assumes the $13,215 recited in respondent's brief is in error, and the deficiency at issue is $13,974.

On Schedule D of their 1999 return, petitioners reported $47,555 in short-term capital gains. That amount was offset, however, by a short-term capital loss carryover from 1998 of $74,836, leaving a $27,281 net short-term capital loss carryover to future years.

Petitioners also reported long-term capital gains of $29,535 during 1999 that were also totally offset by a long-term capital loss carryover from 1998 of $99,122. This left petitioners with a $69,587 long-term capital loss carryover to future years.

Petitioners reported dividend and interest income of $225 on their 1999 return. Additionally, petitioners reported on a Schedule E, Supplemental Income and Loss, net income of $17,569, of which $17,428 came from the rental of a commercial building at Ft. Lauderdale, Florida, and $141 from an apartment partnership.

Respondent determined that $47,555 of the investment interest deduction claimed by petitioners was not deductible as investment interest under section 163(d). The $225 amount that was allowed by respondent represented the equivalent interest and dividend income reported by petitioners that respondent agreed represented investment income and, thus, entitled petitioners to an itemized deduction for investment interest equal to the investment income they reported. Sec. 163(d)(5)(A)(i), (d)(4), (d)(1). Respondent has not questioned petitioners' payment of the $47,780 in interest; consequently, there is no substantiation

issue with respect to the $47,555 at issue.[2]  Respondent's basis

for disallowance of the $47,555 interest deduction is that

petitioners had no investment income in excess of the dividend

and interest income of $225 since their short-term and long-term

capital gains for 1999 were totally offset by capital loss

carryovers from 1998.

Section 163(d)(1) limits a noncorporate taxpayer's deduction

for investment interest to "the net investment income of the

taxpayer for the taxable year".  Section 163(d)(4)(A) defines

"net investment income" as the excess of investment income over

investment expenses.  Investment income includes interest,

dividends, annuities, or royalties not derived in the ordinary

course of a trade or business.  Secs. 163(d)(5)(A)(i), 469(e)(1).

Respondent, therefore, correctly characterized petitioners'

interest and dividend income as investment income and allowed

petitioners an investment interest expense deduction equal to

that amount, $225.  Investment income also includes "net gain

attributable to the disposition of property held for investment".

Sec. 163(d)(4)(B)(ii)(I).  Although petitioners realized capital

gains during 1999, which they reported on Schedule D of their

return, petitioners also sustained capital losses in prior years,

---

[2]     Since the sole issue is based on a question of law, the
Court decides this case without regard to the burden of proof.
Sec. 7491(a).

and those losses carried over to 1999. Under section 1212(b)(1)(A) and (B), net short-term and net long-term capital losses realized in one year are treated, respectively, as short-term or long-term capital losses in the succeeding tax year. Thus, the net short-term and net long-term carryover losses from petitioners' 1998 tax year constituted short-term and long-term capital losses on petitioners' 1999 return. These carryover losses totally offset the capital gains petitioners realized during 1999. Therefore, under section 163(d)(4)(B), petitioners, during 1999, did not realize any income that would be considered net income attributable to the disposition of property held for investment. Respondent, therefore, correctly disallowed petitioners' investment interest deduction to the extent the deduction exceeded their net investment income. Under section 163(d)(2), any investment interest that is disallowed as a

deduction is carried forward and deductible in succeeding taxable years to the extent of net investment income in those years.[3]

Decision will be entered

for respondent.

---

[3] On their income tax return for 1999, petitioners also reported Schedule E income of $17,569 from two sources, the rental of a commercial building and an apartment partnership. Although petitioners, in their petition and at trial, did not allege or claim the $17,569 to be net investment income, the Court, nevertheless, after trial, ordered the parties to address this income item since, under sec. 163(d)(4)(B), "investment income", in part, includes gross income from "property held for investment", subject, however, to limitations under sec. 163(d)(5)(A)(ii). Based on the reports filed by the parties, the Court is not satisfied that the $17,569 in income is outside the realm of the limitations of sec. 163(d)(5)(A)(ii).